UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RESTORE CAN HELP, LLC,
a Georgia limited liability company,

          Plaintiff,          Case No.

v.

VUVATECH LLC, a Florida limited
liability company, and JASON SCHMIDT,
individually,

          Defendants.
_____/

## COMPLAINT

COMES NOW, Plaintiff, RESTORE CAN HELP, LLC ("Plaintiff"), by and through its undersigned counsel, and files this, its verified complaint against Defendants, VUVATECH LLC ("VuVatech") and JASON SCHMIDT ("Schmidt"), and in support thereof, states as follows:

### PARTIES

1. Plaintiff is a foreign (Georgia) limited liability company with its principal place of business located in Dacula, Georgia.

2. VuVatech is a Florida limited liability company with its principal place of business located in Sarasota, Florida.

3. Upon information and belief, Schmidt is a resident of Sarasota, Florida.

## JURISDICTION

4. The Court has jurisdiction over this proceeding pursuant to 28 U.S. Code § 1332, as the damages sought exceed seventy-five thousand dollars ($75,000.00), exclusive of any attorneys' fees, interests, and costs, and the parties are citizens of different States.

## VENUE

5. Venue is proper in this Honorable Court pursuant to 28 U.S.C. 1391, as VuVatech is located within the Middle District, and the cause arose in this District.

## GENERAL ALLEGATIONS

6. Plaintiff is a medical products and service company who sells plastic vaginal dilators on Amazon.com, Inc. ("Amazon").

7. Plaintiff started selling the plastic vaginal dilators on Amazon beginning December 12, 2019.

8. VuVatech is also engaged in the selling of vaginal dilators on Amazon.

9. Beginning in February 2020, VuVatech started complaining to Amazon with the allegation that the dilators sold by Plaintiff infringe their U.S. Patent No. 9,687,274 ("274 Patent").

10. VuVatech made the following complaints to Amazon, all which were authored by VuVatech's principle Jason Schmidt: (1) Complaint ID 6848697001 filed on February 26, 2020 ("Complaint #1"); (2) Complaint ID 6845743801 filed

on March 1, 2020 ("Complaint #2"); and (3) Complaint ID 6836351191 filed on March 3, 2020 ("Complaint #3") (collective known as the "Complaints"). True and correct copies of the Complaints #1 and #3 are attached hereto as **Exhibit "1"** and **Exhibit "2"**, respectively[1].

11. The allegations made in the Complaints are blatantly and knowingly false.

12. Furthermore, upon information and belief, VuVatech's principal, Jason Schmidt, posted a slanderous review on Plaintiff's website located on Amazon before it was removed ("Review"). A true and correct copy of the Review is attached hereto as **Exhibit "3"**.

13. The Review fraudulently claimed Plaintiff's vaginal dilators were filled with dirt and dust, not sanitary, a complete rip off from another company, and the packing was not properly sealed and were made of junk. Mr. Schmidt also posed as a physician in a further effort to deceive and to damage Plaintiff.

14. None of the allegations made in the Review were true.

15. Due to the allegations set forth in Complaint #1 and the Review, Amazon removed Plaintiff from the sellers list on Amazon on February 18, 2020.

---

[1] Plaintiff currently does not have a copy of Complaint #2 but anticipates it will be disclosed in discovery.

16. At the time Plaintiff was removed from the sellers list on Amazon, it was netting more than $500.00 a day in sales of the vaginal dilator.

17. Plaintiff made multiple attempts to contact Amazon and explain that there was no patent infringement as Plaintiff's vaginal dilators were plastic as opposed to the magnetic one sold by VuVatech.

18. Due to VuVatech continuing to make fraudulent claims in Complaint #2 and Complaint #3, Amazon refused to allow Plaintiff back on the seller list on Amazon.

19. It was not until July 14, 2020, after Plaintiff had made multiple attempts for VuVatech to retract it Complaints, did Amazon allow Plaintiff back on the seller list on Amazon.

20. Once it was allowed back on Amazon, Plaintiff had to remarket its product at Plaintiff's expense.

21. Within a few days of being back on Amazon, Plaintiff's sales went back to where they started prior to the Complaints being filed.

22. As the date of this lawsuit, Plaintiff has lost more than $75,000.00 in net revenue and expenses due to the actions taken by VuVatech.

23. Furthermore, the misrepresentations made by VuVatech as well as the slanderous comments have directly affected Plaintiff's business.

24. The actions VuVatech are continuing in nature and Plaintiff continues to suffer damages.

25. All conditions precedent to the filing of this action have been performed, waived or occurred.

### Count I – Florida Deceptive and Unfair Trade Practices Act

26. Plaintiff re-alleges paragraphs 1 through 25 as if fully set forth herein.

27. This is an action by Plaintiff against VuVatech for violation of the Florida Deceptive and Unfair Trade Practices Act.

28. VuVatech competes with Plaintiff.

29. VuVatech made a strategic decision to maliciously target Plaintiff by falsely claiming in the Complaints Plaintiff was infringing on VuVatech's patent in an effort to harm Plaintiff and gain an unfair competitive advantage.

30. VuVatech also caused or assisted in making the Review against Plaintiff in hopes Plaintiff's current customers would cease doing business with Plaintiff and do business with VuVatech instead.

31. VuVatech's sales price for the vaginal dilator is higher than that of Plaintiff.

32. The increased costs of the vaginal dilators is negatively affecting the consumer as it is forcing the customer to pay more for a product which they could otherwise get at a lower price.

33. VuVatech used the Complaints and the Review to help boost its own sales by attempting to remove the competition, to wit: Plaintiff.

34. The conduct complained of in the paragraphs above, as well as the acts related to the above-described conduct, constitutes unfair competition.

35. VuVatech's acts of unfair competition have been willful, deliberate, and malicious.

36. VuVatech have benefited by reason of their own acts of unfair competition.

37. As a direct and proximate result of VuVatech's acts of unfair competition, Plaintiff has suffered and continues to suffer.

WHEREFORE, Plaintiff, respectfully request this Court enter a judgment against VuVatech for damages; attorneys' fees, costs and interest allowed by law; and as such further relief this Court deems just and proper.

### Count II – Tortious Interference with Business Relationship

38. Plaintiff re-alleges paragraphs 1 through 25 as if fully set forth herein.

39. At all material times, Plaintiff had a business relationship with Amazon and the customers it services through Amazon.

40. VuVatech knew of Plaintiff's business relationships with Amazon and its customers.

41. With knowledge of Plaintiff's business relationships, VuVatech intentionally, maliciously, and improperly interfered with Plaintiff's business relationships in and to Amazon and its customers.

42. VuVatech did not have a privilege or justification to interfere with Plaintiff's business relationships.

43. As a direct and proximate result of VuVatech's acts of tortious interference with Plaintiff's business relationships, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff, respectfully request this Court enter a judgment against VuVatech for damages; attorneys' fees, costs and interest allowed by law; and as such further relief this Court deems just and proper.

### Count III – Defamation *Per Se*

44. Plaintiff re-alleges paragraphs 1 through 25 as if fully set forth herein.

45. This is an action by Plaintiff for defamation *per se* against VuVatech and Schmidt.

46. Plaintiff was and is a business of good name, credit and reputation and enjoyed the esteem and good opinion of its customers and others who know it.

47. All the allegations set forth in the Review are false and defamatory and were made to the Plaintiff's customers about Plaintiff.

48. Schmidt knew his statements were false, unsupported by any evidence and intended to malign Plaintiff's character.

49. Schmidt knew such false statements would likely result in material and substantial defamation to Plaintiff's business and cause an unjust interference with Amazon and its customers.

50. Schmidt's false statements attacked Plaintiff's professional reputation, social standing, fiscal well-being and status in the industry.

51. Plaintiff has sustained special damages by losing profits for the five months it was suspended from selling on Amazon.

52. Plaintiff's false statements were either made (i) ultra vires; or (ii) in his capacity as agent for VuVatech.

WHEREFORE, Plaintiff respectfully request Judgment in its favor against Schmidt and VuVatech, jointly and severally, awarding consequential and compensatory damages, special damages, as well as attorneys' fees and court costs as may be allowed by law, and prejudgment interest to the extent provided by law, and for such other further relief as this Court deems just and proper.

*[Signature on Following Page]*

Respectfully submitted, this 12th day of March, 2021.

                            **MATTHEWS & JONES, LLP**

/s/ *Dana C. "DC" Matthews II*
Dana C. Matthews II
Florida Bar No.: 1019178
2930 W County Hwy 30A, Ste 202
Santa Rosa Beach, FL 32459
Tel: (850) 837-3662
Email: dcmatthews@destinlaw.com (primary)
        fwright@destinlaw.com (secondary)
*Attorney for Plaintiff*